UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUETTA TARVER, #294684,

      Plaintiff,

v.                                 CASE NO. 11-14852
                                 HONORABLE ARTHUR J. TARNOW

UNKNOWN FOOD SERVICE WORKER,
ANITA HOLMES, FSD TRIPLETTE,
C/SP SHARPE, MILLICENT WARREN,
and RICHARD McKEON,

      Defendants.

_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Marquetta Tarver is a state prisoner at Women's Huron Valley Correctional Facility (WHV) in Ypsilanti, Michigan. She has filed a *pro se* complaint under 42 U.S.C. § 1983. Defendants are state officials employed by the Michigan Department of Corrections.

The complaint and exhibits allege that, on August 11, 2011, a food service worker provided sack lunches for Plaintiff and an inmate named Posey while the two women were confined in the Health Care unit of WHV. Plaintiff and Posey were given peanut butter and jelly, but there was no spoon in their lunch bags, and defendant Sharpe refused to provide a spoon because it was close to "count time." Inmate Posey then acquired a tongue compressor from a nurse so that Plaintiff and Posey could make peanut butter and jelly sandwiches.

*Tarver v. Unknown Food Service Worker, et al.,* No. 11-14852

Plaintiff claims that the defendants' refusal to provide a spoon was cruel and unusual punishment and violated a correctional policy directive, which requires prison officials to treat prisoners humanely. Plaintiff also seeks to hold defendants Holmes, Triplette, Warren, and McKeon liable for failing to train their employees. She sues the defendants in their personal and official capacities for injunctive and monetary relief. However, because she had no right to be spoon fed, her complaint must be dismissed.

## II.  Discussion

The Court has permitted plaintiff to proceed without prepayment of the fees and costs for this action. An indigent prisoner's civil rights complaint may be dismissed if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish:  1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). "[T]o survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v.*

*Tarver v. Unknown Food Service Worker, et al.,* No. 11-14852

*Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009)).

Plaintiff relies on the Eighth Amendment to the United States Constitution, which prohibits "cruel and unusual punishments." U.S. Const. amend VIII.  "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he [or she] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment imposes a duty on prison officials to provide humane conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. at 834 (internal and end citations omitted).  *Id*. at 834.  Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'  In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety . . . ."  *Id*.  (citations omitted).

It cannot be seriously contended that Plaintiff was deprived of the minimal civilized measure of life's necessities when she was deprived of a spoon and forced to use a tongue depressor to spread her peanut butter and jelly.  Nor do the facts as alleged indicates that the defendants were deliberately indifferent to Plaintiff's health or safety. "Alleging that prison conditions 'are restrictive and even harsh' does not suffice [to state a claim under the Eighth Amendment] because such conditions 'are part of the penalty that criminal offenders pay for their offenses against society.'"  *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (citing

3

*Tarver v. Unknown Food Service Worker, et al.,* No. 11-14852

*Rhodes v. Chapman*, 452 U.S. 337, 347 (1981);   *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

As for Plaintiff's allegation that the defendants failed to train their employees, a failure to train employees "may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference . . . ." *Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). The lack of a spoon did not deprive Petitioner of the minimal civilized measure of life's necessities.  Therefore, the failure to train employees to provide spoons did not amount to deliberate indifference to Plaintiff's health or safety.

### III.  Conclusion

Plaintiff's allegations do not rise to the level of cruel and unusual punishment or a deliberate failure to train.  Consequently, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  If Plaintiff elects to appeal this decision, she may not proceed *in forma pauperis o*n appeal because an appeal would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: December 9, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 9, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary